[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Angela Rush, appeals a conviction for felonious assault pursuant to R.C. 2903.11(A)(1). She presents three assignments of error for review.
 {¶ 3} In her first assignment of error, Rush contends that the trial court erred in overruling her motion for a new trial pursuant to Crim.R 33(A)(4) because the state failed to prove the essential elements of the crime charged. In her second assignment of error, she contends that the evidence was insufficient to support her conviction. Since these assignments of error involve the same issues, we consider them together. We hold that they are not well taken.
 {¶ 4} Rush's motion for a new trial was based on Crim.R. 33(A)(4), which provides that a trial court may grant a new trial when "the verdict is not supported by sufficient evidence or is contrary to law." Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Rush had knowingly caused physical harm to the victim. Consequently, the evidence was sufficient to support her conviction for felonious assault. See State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492; State v. Salinas (1997),124 Ohio App.3d 379, 706 N.E.2d 381; State v. Lee (Sept. 3, 1998), 10th Dist. No. 97APA12-1629. Since the evidence was sufficient, the trial court did not err in overruling Rush's motion for a new trial. See Statev. Thomas, 1st Dist. No. C-010724, 2002-Ohio-7333. Accordingly, we overrule Rush's first and second assignments of error.
 {¶ 5} In her third assignment of error, Rush contends that her conviction was against the manifest weight of the evidence. After reviewing the evidence, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Rush's conviction and order a new trial. Therefore, the conviction was not against the manifest weight of the evidence. See Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v.Allen (1990), 69 Ohio App.3d 366, 590 N.E.2d 1272. Accordingly, we overrule Rush's third assignment of error and affirm her conviction.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Painter, JJ.